IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BENJAMIN EVERIST DAVIS, #1734875, | § § | |
| PETITIONER, | § § | |
| v. | § § | CIVIL CASE NO. 3:25-CV-927-X-BK |
| DIRECTOR, TDCJ-CID, | § § | |
| RESPONDENT. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, the construed petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DISMISSED WITHOUT PREJUDICE** as unexhausted.[1]

### I. BACKGROUND

On April 14, 2025, Petitioner Benjamin Everist Davis, a state prisoner proceeding *pro se*, filed a pleading that purports to challenge his underlying conviction. Doc. 3. Davis' pleading lacks clarity, is difficult to decipher, and appears largely nonsensical. Due to the difficulty in determining the relief sought, the Court initially issued a deficiency order requiring Davis to file a petition on the court form and pay the filing fee or file an application to proceed *in forma pauperis*, to the extent he sought to proceed with a habeas corpus petition. Doc. 5. In response,

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

Davis filed equally unclear motions for bench warrant, speedy trial, and appointment of counsel. Doc. 6; Doc. 7; Doc. 8. As best the Court can glean, however, Davis seeks a "royal mandamus" and appointment of counsel. Doc. 3 at 1.

A review of state court records available online (of which the Court takes judicial notice) reflects that Davis was convicted of two counts of aggravated robbery with deadly weapon and was sentenced to 40 years' imprisonment. *See State v. Davis*, Nos. F1059055-Y, F1059056-Y (Crim. Dist. Ct. No. 7, Dallas Cty., Tex., Aug. 12, 2011), *aff'd*, Nos. 05-11-01182-CR & 05-11-01183-CR, 2013 WL 1819990 (Tex. App. – Dallas Apr. 30, 2013, no pet.). Davis filed neither a petition for discretionary review nor a state habeas application. *See Davis v. Davis*, No. 3:19-CV-03052-N-BN, 2020 WL 806952 (N.D. Tex. Jan. 8, 2020), *R. & R. adopted*, 2020 WL 774390 (N.D. Tex. Feb. 18, 2020) (finding Davis' earlier § 2254 petition unexhausted); *Davis v. Director*, No. 3:20-CV-1776-N-BK, 2020 WL 6386491 (N.D. Tex. Aug. 25, 2020), *R. & R. adopted*, 2020 WL 6382887, at *1 (N.D. Tex. Oct. 30, 2020) (same), *appeal dismissed sub nom.*, *Davis v. Lumpkin*, 2021 WL 2106441 (5th Cir. Mar. 11, 2021). *See also Davis v. Dir., TDCJ-CID*, No. 3:22-CV-569-X-BK, 2022 WL 1478533, at *1 (N.D. Tex. Apr. 14, 2022), *rec. adopted*, 2022 WL 1470955 (N.D. Tex. May 10, 2022) (dismissing construed habeas petition as unexhausted).

## II. ANALYSIS

Courts may raise the exhaustion requirement *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (discussing the court's duty under Habeas Rule 4 "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state" and highlighting the "long line of precedent establishing the authority of courts to raise non-jurisdictional defenses *sua sponte* in habeas cases" (citations omitted)); *see also Magouirk v.*

2

*Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("[T]here is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)).

A state prisoner must exhaust all available state-court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state-court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

As in this Davis previous case before this Court cited supra, the Court once again concludes that Davis' construed petition is again unexhausted and should be dismissed without prejudice. As outline above, Davis did not file a petition for discretionary review or a state habeas application challenging either of his convictions in this new civil action. Thus, the Texas Court of Criminal Appeals has not had an opportunity to consider Davis' claims and they remain unexhausted.[2]

---

[2] The Dallas County and Texas Court of Criminal Appeals docket sheets are available respectively at: https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/ and http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (last accessed May 27, 2025).

### III. CONCLUSION

For the foregoing reasons, Davis' construed petition for writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 2254(b)-(c) and Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS for failure to exhaust state court remedies.[3]

**SO RECOMMENDED** on May 30, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).

---

[3] A one-year statute of limitations for filing habeas corpus petitions in federal court applies to this petition and any other filed this Court. *See* 28 U.S.C. § 2254(d).